UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN KIRKPATRICK; GALE KIRKPATRICK,      )<br>)<br>PLAINTIFF,      )<br>V.                                      )   CIVIL ACTION NUMBER:<br>)<br>AR RESOURCES, INC.,           )<br>)<br>DEFENDANT.           ) | |

## PLAINTIFFS' COMPLAINT

1. This is an action brought by the Plaintiffs, John Kirkpatrick & Gale Kirkpatrick, husband and wife, for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The Plaintiffs also seek compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendant transacted business here, and the Plaintiffs reside here.

## PARTIES

3. The Plaintiff John Kirkpatrick is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

4. The Plaintiff Gale Kirkpatrick is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

5. The Defendant, AR Resources, Inc. ("AR Resources"), is incorporated in Florida, and was, in all respects and at all times relevant herein, doing business in Jefferson County, Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. The principal purpose of AR Resources' business is the collection of debts.

7. AR Resources regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

8. AR Resources is a debt collector subject to the provisions of the FDCPA.

9. The alleged debt that AR Resources was seeking to collect from Plaintiff John Kirkpatrick was for personal, household, or family uses.

10. In or around August-September 2015, AR Resources began collection activities on the Plaintiff John Kirkpatrick's account with Premier Medical, PC (Account Number 0066435849).

11. These collection activities involved mailed correspondences and oral telephone communications with Plaintiff Gale Kirkpatrick.

12. During one of these calls, Plaintiff Gale Kirkpatrick agreed to pay the alleged debt via her Visa debit card and gave the AR Resources collector the required information to process the payment.

13. AR Resources failed to promptly process the debit payment.

14. In the meantime, Plaintiffs' debit card issuing bank issued the Plaintiffs new debit cards with new card numbers.

15. After the activation of the new cards, AR Resources unsuccessfully attempted to process the payment via the old debit card.

16. As a result, although AR Resources was not charged any fee for the unsuccessful attempt, AR Resources unlawfully claimed Plaintiff John Kirkpatrick owed an additional fee.

17. Plaintiff Gale Kirkpatrick again offered to pay the underlying balance but AR Resources refused the payment without the newly added financial charge.

18. The aforementioned actions were done willfully and knowingly in an illegitimate attempt to increase the account balance.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

19. The Plaintiffs adopt the averments and allegations hereinbefore as if fully set forth herein.

20. The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

21. As a result of the Defendant's actions, the Plaintiffs are entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

22. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

23. The Defendant knew or should have known the status of the alleged debt and of the

conduct set forth herein which was directed at and visited upon the Plaintiffs.

24. The Defendant knew or should have known that said conduct was improper.

25. The Defendant negligently failed to train and supervise agents and employees in order to prevent said improper conduct.

26. The Defendant negligently failed to train and supervise agents and employees on the FDCPA.

27. As a result of the Defendant's actions, the Plaintiffs are entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS/WANTON TRAINING AND SUPERVISION

28. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

29. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

30. The Defendant knew or should have known that said conduct was improper.

31. The Defendant recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

32. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

33. As a result of the Defendant's actions, the Plaintiffs are entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety,

nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§ 1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§ 1692k;

E. Compensatory and punitive damages against the Defendant on Plaintiffs state law claims for damages due to the Negligent Training and Supervision, and Reckless and Wanton Training and Supervision; and,

F. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFFS DEMAND TRIAL BY STRUCK JURY

/s/ John C. Hubbard
JOHN C. HUBBARD (ASB-8252-H46H)
Attorney for Plaintiffs

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com